UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN A. PEMBERTON,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05760-BHS-JRC

ORDER TO SHOW CAUSE OR AMEND PROPOSED COMPLAINT

This matter has been referred to the undersigned by the District Court. Plaintiff proceeds *in forma pauperis* and seeks to bring suit against the Department of Corrections and Coyote Ridge Corrections Center under 42 U.S.C. § 1983. *See* Dkt. 1-1, at 1. The Court has screened plaintiff's complaint before service as authorized by 28 U.S.C. § 1915. Because plaintiff's complaint fails to name a "person" subject to suit under § 1983, the Court declines to serve plaintiff's complaint at this time and directs plaintiff to amend his complaint as set forth herein.

**DISCUSSION**

To bring suit under § 1983, a plaintiff must, among other things, name a "person" who is subject to suit. Plaintiff names the Washington State Department of Corrections and Coyote

1  Ridge Corrections Center as the only two defendants in his complaint. *See* Dkt. 1-1, at 1.

2  However, neither the Washington State Department of Corrections nor its facilities (such as

3  Coyote Ridge Corrections Center) are "persons" for § 1983 purposes. *See, e.g.*, *Will v. Mich.*

4  *Dept. of State Police*, 491 U.S. 58, 71 (1989); *Estes v. Dep't of Corr.*, No. CV-12-5058-JPH,

5  2012 WL 5398875, at *2 (E.D. Wash. Oct. 2, 2012), *report and recommendation adopted sub*

6  *nom. Estes v. Scantlin*, No. CV-12-5058-JPH, 2012 WL 5398862 (E.D. Wash. Nov. 5, 2012).

7        The Court notes that plaintiff brings suit for damages. Plaintiff should be aware that a

8  state official sued in his or her official capacity (in contrast to his or her personal capacity) for

9  damages is also not a "person" for purposes of § 1983. *See Arizonans for Official English v.*

10 *Arizona*, 520 U.S. 43, 69 n.24 (1997).

11       Moreover, a suit against an individual in that person's personal capacity must include

12 particularized allegations explaining how the individual defendant deprived a plaintiff of his

13 constitutional rights. A person deprives another of a constitutional right, "within the meaning of

14 § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to

15 perform an act which he is legally required to do that causes the deprivation of which complaint

16 is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007).

17                       **DIRECTIONS TO PLAINTIFF AND TO CLERK**

18       Due to the deficiencies described herein, the Court will not serve plaintiff's complaint at

19 this time. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

20 amended complaint and within the amended complaint, he must write a short, plain statement

21 telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or

22 names of the person or persons who violated the right; (3) exactly what each individual or entity

23 did or failed to do; (4) how the action or inaction of each individual or entity is connected to the

24

violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before September 28, 2020**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915. The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 24th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge