UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN A. PEMBERTON,

             Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS *et al.*,

             Defendants.

CASE NO. 3:20-cv-05760-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 30, 2020

This matter is before the Court on referral from the District Court and on plaintiff's motion requesting to withdraw his 42 U.S.C. § 1983 complaint. *See* Dkt. 7.

Plaintiff, who is *pro se*, has responded to the Court's Order to Show Cause by writing a letter to the Court stating that he wishes to withdraw his complaint. Dkt. 7. The motion is not yet ripe for review; however, because no defendant has yet appeared in this matter, time for a response is unnecessary and the Court will rule on the motion in advance of its noting date.

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), plaintiff may dismiss an action by filing a notice of dismissal before the opposing parties have filed their answers or motions for

1  summary judgment.  The dismissal is without prejudice unless plaintiff's notice states otherwise.
2  *See* Fed. R. Civ. P. 41(a)(1)(B).  Plaintiff's notice does not state otherwise.

3  Therefore, the undersigned recommends dismissal of this matter without prejudice based
4  on plaintiff's request to withdraw his complaint.  Furthermore, permission to proceed *in forma*
5  *pauperis* ("IFP") on appeal should not be granted.  IFP status on appeal shall not be granted if
6  the district court certifies "before or after the notice of appeal is filed" "that the appeal is not
7  taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3).  Appeal
8  from this matter would not be taken in good faith and would be frivolous.

## CONCLUSION

For the reasons set forth above, the Court recommends dismissal of plaintiff's complaint without prejudice.  Permission to proceed IFP on appeal should not be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 30, 2020** as noted in the caption.  The Clerk shall also send a copy of this Report and Recommendation, the proposed order, and the proposed judgment to plaintiff by mail.

Dated this 6th day of October, 2020.

J. Richard Creatura
United States Magistrate Judge